**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DIANNA P. MILLNER,
Plaintiff-Appellant,

v.                                                        No. 97-1512

CO-OPERATIVE SAVINGS BANK,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
James C. Turk, District Judge.
(CA-96-13-L)

Argued: June 4, 1998

Decided: July 1, 1998

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Paul Scott DeBruin, Lynchburg, Virginia, for Appellant.
Kurt Joseph Pomrenke, ELLIOTT, LAWSON & POMRENKE, Bris-
tol, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises from a claim brought under the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 1998), by Dianna Millner against her former employer, Co-Operative Savings Bank. Millner appeals from the district court's order granting summary judgment to Co-Operative.

Co-Operative hired Millner on July 1, 1991, as a staff real estate appraiser. Two and one-half years later, on December 27, 1993, Millner was injured in an on-the-job car accident that left her with seizures and vertigo. Due to the continuing nature of these conditions, Millner's treating physician restricted her from driving for six months. The restriction prevented her from performing her duties as staff appraiser.

Millner returned to her job as a staff appraiser in July 1994. In November 1994, her physician again restricted her from driving. On April 11, 1995, Co-Operative eliminated the position of staff appraiser, but offered Millner a full-time loan service representative position, which she accepted. Co-Operative agreed to hold the position open until Millner could return to work, which both parties expected would be May 23, 1995, the day following Millner's next doctor appointment. See Brief of Appellant at 3; Brief of Appellee at 3.

Millner failed to appear at the bank as expected on May 23 because her physician still refused to release her for work. On June 14, 1995, Millner's physician finally approved her for work, but only on a part-time, four-hour-per-day basis. See Brief of Appellant at 3; Brief of Appellee at 4. Rather than accommodating Millner any longer, Co-Operative hired a different person to fill the position on a full-time basis and terminated Millner.

Millner thereafter filed this suit, alleging that Co-Operative unlawfully discriminated against her in violation of the ADA. The district court granted summary judgment to Co-Operative, finding that Mill-

2

ner had not made out a prima facie case of discrimination because Millner failed to demonstrate that she was a "qualified individual." In particular, the court found that Millner could not work full-time (an essential function of the position), and that Co-Operative need not wait an indefinite period of time for her to regain the ability to do so. Millner now appeals.

Having reviewed the record, briefs, and relevant statutes and case law, we conclude that the district court's ruling was correct. Accordingly, we affirm on the reasoning of the district court. See Millner v. Co-Operative Savings Bank, Civil Action No. 96-0013-L (E.D. Va. Apr. 10, 1997).

AFFIRMED

3